# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Betty J. Campbell,

    Plaintiff,

v.

Continental Airlines, Inc., a Delaware Corporation; and Malcolm Bernard Serfontein;

    Defendants.

Civ. No. 08-978 (RHK/JJK)

**REPORT AND RECOMMENDATION**

---

Mark D. Streed, Esq., Meshbesher & Spence, counsel for Plaintiff.

Daniel A. Haws, Esq., and Kari L. Gunderman, Esq., Murnane Brandt, PA, counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on Defendants' Motion to Exclude Plaintiff's Untimely Disclosed Expert Opinions (Doc. No. 35), and Plaintiff's Motion for Trial Date Continuance (Doc. No. 51). The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons stated below, this Court recommends that Defendants' motion be denied and Plaintiff's motion be granted.

## BACKGROUND

Plaintiff asserts a claim for personal injuries against Defendants based on an incident that occurred on April 4, 2006. Since that incident, Plaintiff has been

treated by an orthopedic surgeon, Dr. James Schwender for back pain. He determined that a primary source of Plaintiff's back-pain symptoms was a disc herniation at the T11-12 level, and performed a transforaminal thoracic interbody fusion, with instrumentation, at the T11-12 disc level on April 28, 2008.

On May 15, 2008, Plaintiff disclosed Dr. James Schwender, Dr. Gregory Angstman, Dr. Robert Roloff, Dr. John Mullan, and Ann Olson, QRC, as experts in her initial Rule 26(a)(1) Disclosures. On February 6, 2009, the Court amended the Scheduling Order, setting a new deadline of March 1, 2009, for Plaintiff to provide full disclosures under Fed. R. Civ. P. 26(a)(2)(B), including the written reports prepared and signed by her experts. Plaintiff did not provide any expert reports to Defendants by March 1, 2009.

On March 4, 2009, Plaintiff disclosed Dr. Schwender's expert report, which was dated January 13, 2009, to Defendants.[1] On April 2 and 22, 2009, respectively, Plaintiff disclosed expert reports from vocational expert Ann Olson, and Dr. Roloff. After ongoing treatment with Plaintiff, Dr. Schwender prepared a second report, dated April 29, 2009, which was disclosed to Defendants on May 20, 2009.[2] On May 20, 2009, Plaintiff also amended her Rule 26(a)(1)

---

[1] Dr. Schwender opined in this report that he "[did] not believe [Plaintiff] sustained traumatic injury to her lumbar spine in the April 4, 2006 incident in addition to the T11-12 disc injury." (Doc. No. 30, Aff. of Kari L. Gunderman ("Gunderman Aff.") ¶ 2, Ex. A.)

[2] Dr. Schwender changed his opinion from his first report, and now opined
(Footnote Continued on Next Page)

Disclosures stating that Drs. Angstman and Mullan would "testify consistent with [their] clinical notes concerning the care and treatment provided to [Plaintiff]," and that they "[had] not been retained or specially employed to provide expert testimony in this case." (Doc. No. 48, Aff. of Mark D. Streed ("Streed Aff.") ¶ 12, Ex. H.) As of the date of this Report and Recommendation, Plaintiff had not disclosed expert reports for Drs. Angstman or Mullan.[3]

On July 31, 2009, Plaintiff filed a motion to extend the scheduling order and continue the trial, arguing that Plaintiff was scheduled to undergo an L4-5 laminectomy/decompression surgery in September, which was to be performed by Dr. Schwender. (Doc. No. 25.) This Court denied Plaintiff's motion because, at that time, there was "[n]othing in the record, other than statements made by Plaintiff's attorney, [that] show[ed] that the lumbar surgery [was] related to the underlying incident or that Plaintiff [could] not proceed with trial in November." (Doc. No. 33, August 12, 2009 Order at 1.) Thereafter, on September 11, 2009, Dr. Schwender performed a decompression/laminectomy L4-5 surgery on Plaintiff.

---

(Footnote Continued from Previous Page)
that "[Plaintiff's] accident on 4-4-06 while working . . . is a substantial contributing factor for her low back pain and its resulting disability as well." (Doc. No. 48, Aff. of Mark D. Streed ("Streed Aff.") ¶ 12, Ex. H at Attach.)

[3] At the October 13, 2009 hearing, Plaintiff's counsel represented that Dr. Mullan will not be testifying in this case.

Plaintiff underwent additional testing, treatment, and surgery after Defendant's independent medical examiner, Dr. Sherman, conducted his exam in March 2009, and prepared his report, and after Dr. Schwender prepared his reports. Plaintiff asserts that her medical situation as it relates to injuries allegedly caused by the April 4, 2006 incident continues to change and that she has not yet reached maximum medical improvement.

## DISCUSSION

### I. Standard of Review

"Obedience to the constraints of the Court's Scheduling Orders is critical if the Court is to capably perform its case management responsibilities." *Tomlin v. Holecek*, 158 F.R.D. 132, 135 (D. Minn. 1994). "Accordingly, the flouting of discovery deadlines causes substantial harm to the judicial system." *Id.* (quotations omitted). Nevertheless, blind adherence to a scheduling order's deadlines, without proper regard for the bases and effects of the non-compliance, may well be inconsistent with the dominant interest of ascertaining the truth. *Id.* (citing *Dabney v. Montgomery Ward & Co.*, 692 F.2d 49, 52 (8th Cir. 1982)).

Accordingly, the Eighth Circuit has developed a flexible standard in order to preclude fundamental unfairness at the time of trial. *Boone v. Moore*, 980 F.2d 539, 541 (8th Cir. 1992). The Court should consider the following factors when determining whether to exclude "the testimony of a witness not made known in a manner complying with a pretrial order": (1) the reason the party fails to name

4

the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful. *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 879 (8th Cir. 1986).

## II. Defendants' Motion to Exclude

Defendants ask the Court to preclude Plaintiff from presenting evidence, testimony, or argument at trial regarding any new or untimely disclosed expert opinions. Specifically, because the reports from Drs. Schwender, Roloff, and vocational expert Ann Olson were untimely, and because no reports were produced for Drs. Angstman and Mullan, Defendants request the Court to exclude their testimony and expert evidence on the grounds that (1) such testimony is untimely and prejudicial to Continental in the preparation of its defense; and (2) Plaintiff's failure to timely disclose expert reports violates the Court's Amended Scheduling Order. Dr. Schwender's first report was disclosed on March 4, 2009, three days after the March 1, 2009 deadline. An amended report of Dr. Schwender's was disclosed on May 20, 2009. The Roloff and Olson reports were disclosed on April 2 and 22, 2009, respectively; the deadline for those reports was also March 1, 2009.

Plaintiff explains that her tardiness was due to the unique nature of her unexpected, ongoing medical treatment and the challenges caused by that ongoing treatment. Plaintiff asserts that her ongoing treatment has made it

5

difficult to provide expert medical reports. She contends that when the deadlines were set in this case, all parties were under the assumption that Plaintiff's medical treatment would essentially be complete and stabilized. However, during the year since the deadlines were set, her medical treatment has changed. Further, Plaintiff asserts that she has provided Defendants with both expert and lay witness disclosures, reports, and medical authorizations, and that any inadvertent non-compliance with deadlines was remedied over five months before trial. In addition, Plaintiff asserts that she has regularly updated Defendants regarding her ongoing medical treatment.

Based on the above, this Court concludes that Plaintiff has offered a justifiable reason for not providing Defendants with its expert reports in a timely manner. There is no evidence in the record that Plaintiff's untimely disclosures were being used as a tactical ploy. *See Tomlin*, 158 F.R.D. at 136 (concluding no sanctions were warranted based in part because there was no evidence that the non-disclosure was a tactical ploy). And the testimony from the witnesses at issue would be highly relevant to the outcome of the case. *See id.* (concluding no sanctions were warranted based in part because the testimony was claimed to be critical to the defense); *see also Citizens Bank of Batesville v. Ford Motor Co.*, 16 F.3d 965, 967 (8th Cir. 1994) (upholding district court order allowing of the witnesses to testify when there were no indications of bad faith for the non-

6

disclosure and the testimony was characterized as "relevant to the heart of the case").

Defendants do not contest the importance of the testimony, but instead argue that they are prejudiced because they were not able to provide Plaintiff's complete expert opinions to Dr. Sherman, the doctor who performed an Independent Medical Examination of Plaintiff on March 11, 2009, so that Dr. Sherman could refute Plaintiff's claims, and that they will be prejudiced if further discovery is allowed because it will cost them more time and money to prepare for trial. Plaintiff concedes that Defendants should have the opportunity for their medical expert to re-evaluate Plaintiff's situation and re-examine her. Although it is true that if the Court were to exclude Plaintiff's witness testimony, the burden and cost in defending Plaintiff's claims would be substantially diminished, so too would be the intensity of the Court's truth-seeking function. *See Tomlin*, 158 F.R.D. at 136. Further, any prejudice outside of cost is hereinafter erased if the Court allows Defendants adequate opportunity to provide any new information to its expert for further review and to provide an opportunity to rebut Plaintiff's claims.

Therefore, this Court concludes that because Defendants have known of the witnesses at issue since May 15, 2008, because Defendants have had access to all of Plaintiff's medical records, and because all testifying experts' reports have now been disclosed, there will be no unfair surprise regarding the

7

topic of the belatedly disclosed expert testimony in this case, and the disclosed experts' testimony should be allowed. See *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (explaining that "Rule 37 does not provide for mandatory sanctions," and upholding the district court's denial of a motion to strike when there was no unfair surprise by the nondisclosure); *see also Tomlin*,158 F.R.D. at 136 ("We do not believe that subservience to a Scheduling Order of this Court should overshadow our fundamental obligation to ascertain the truth, at least in the absence of grave prejudice to the compliant party"). Therefore, this Court recommends denying Defendants' motion.

### III. Plaintiff's Motion for Trial Date Continuance

Based on the unexpected and ongoing medical treatment of Plaintiff's injuries, including the back surgery performed on September 11, 2009, Plaintiff requests that this Court continue the trial date in this matter for three to six months to allow for the experts in this case to re-evaluate Plaintiff's condition and to allow time for Plaintiff to recover from her recent surgery. In support of Plaintiff's motion, Plaintiff submitted a letter from Dr. Schwender dated October 9, 2009, which confirmed that Plaintiff underwent "a complex spine fusion procedure on September 11, 2009," and explained his opinion that "she would be unable to be subjected to a jury trial at this time." (Doc. No. 57, 10/9/09 Aff. of Mark Streed ¶ 1, Ex. A.) Dr. Schwender also stated that "[i]f she follows the normal convalescence of this type of surgery, it will likely require three to six months prior

8

to her being physically strong enough to proceed with this type of strenuous endeavor." (*Id.*)  At the October 13, 2009 hearing on this matter, Defendants' counsel represented that he did not necessarily oppose Plaintiff's motion to the extent that the continuance was issued to allow Plaintiff time for recovery.

Based on new information now provided in the record regarding the relatedness of the underlying incident with Plaintiff's lumbar surgery, along with Dr. Schwender's recommendation that Plaintiff not undergo trial at this time, this Court recommends granting Plaintiff's request and continuing the trial date for six months.  This Court also recommends amending the pretrial schedule to allow the parties to re-examine Plaintiff's condition and to exchange supplemental and rebuttal expert reports regarding Plaintiff's alleged injuries.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Exclude Plaintiff's Untimely Disclosed Expert Opinions (Doc. No. 35), be **DENIED**;

2. Plaintiff's Motion for Trial Date Continuance (Doc. No. 51), be **GRANTED**; and

3. The June 2, 2008 Pretrial Scheduling Order (Doc. No. 14), as amended by the February 6, 2009 Order (Doc. No. 20), be further amended as follows:

9

      a.      All supplemental Rule 35 medical examinations shall be completed and the report of the examining physician served on the opposing party by January 1, 2010;

      b.      Any supplemental reports prepared and signed by Plaintiff's identified testifying experts shall be disclosed on or before December 1, 2009;

      c.      Any supplemental reports prepared and signed by Defendants' identified testifying experts shall be disclosed on or before January 1, 2010;

      d.      Any rebuttal reports by Plaintiff to the supplemental reports must be disclosed on or before January 22, 2010; and

      c.      This case shall be ready for trial as of May 1, 2010.

Date: October 19, 2009                *s/ Jeffrey J. Keyes*
                                              JEFFREY J. KEYES
                                              United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 2, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C.

§ 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.